UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CARLOS GIL,

    Plaintiff,

v.

HYATT HOTELS CORPORATION,
a Delaware corporation,

    Defendant.
_____/

CASE:

**COMPLAINT**

Plaintiff, JUAN CARLOS GIL, on behalf of himself and all other persons similarly situated ("Plaintiff"), hereby sues, HYATT HOTELS CORPORATION ("Defendant") and as grounds alleges:

INTRODUCTION

1.    Plaintiff suffers optic nerve damage, is legally blind, suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Therefore, Plaintiff is substantially limited in performing one or more major life activities, including (but not limited to) accurately visualizing his world and adequately traversing obstacles.

2.    This is an action for injunctive and declaratory relief, attorneys' fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12181, *et seq*., (the "ADA") and the regulations implementing the ADA set forth in 28 C.F.R. §§ 36.201 and 36.302.

3.    Plaintiff also brings state law claims under New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law sec. 290, *et seq*.).

1

JURISDICTION AND VENUE

4. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. At all times material, Defendant owned, leased, and/or operated one or more Commercial Property(ies) located at 7000 Mall Walk, Yonkers, NY 10704 (hereinafter the "Commercial Property").

8. Defendant owns and/or operates, *inter alia*, a hotel at the Commercial Property, which it holds out to the public as "Hyatt Place New York/Yonkers."

9. Venue is properly located in the Southern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Yonkers, Westchester County, New York.

10. Defendant's Commercial Property at issue in this matter and the business therein are located in and around the Yonkers, Westchester County area. The Defendant regularly conducts business within Westchester County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Westchester County area.

THE PARTIES

11. Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, and is otherwise *sui juris*. Plaintiff is "disabled" and has at all times herein suffered from a "qualified

2

disability" as defined by the ADA.

12. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).

13. Defendant HYATT HOTELS CORPORATION is a corporation organized and existing under the laws of the State of Delaware, and authorized to do business in the State of New York.

## FACTUAL ALLEGATIONS

14. The Commercial Property is a "Hyatt Place hotel," which Defendant touts as offering "everything you need for a work/life balance – spacious rooms, flexible spaces to work or socialize, 24/7 fitness center access and dining options, and free breakfast with your stay…" https://www.hyatt.com/hyatt-place/en-US?icamp=woh_place_brandexplorer (last accessed Oct. 2, 2024).

15. The Commercial Property is also encompassed within/adjacent to a large pedestrian open-air shopping mall called "Cross County Shopping Center," which has over eighty (80) stores and restaurants, including numerous famous brand names and a wide variety of dining options – all within a short walking distance to the Commercial Property hotel. Having such a centralized, walkable mall next to a hotel can be especially helpful for people with disabilities and mobility challenges.

16. Plaintiff, who currently resides in Florida, travels to New York to, among other things, visit horse tracks/casinos, meet with friends who live in and around the New York metropolitan area, and attend various conventions, conferences and meetings to advance the rights of the disabled. So far this year, Plaintiff has traveled to New York around five times.

17. Plaintiff is strongly interested in horse racing and casinos, which is offered at a facility very close to the Commercial Property called "Empire City Casino Yonkers Raceway" and/or "Empire City Casino" (the "Racetrack"). On information and belief, the Racetrack is one of only two horse racing/casinos close to the New York City area.

18. The Racetrack is unique in that it is home to the historic Yonkers Raceway, a world-renowned horse racing harness track that has been operating since 1899. On information and belief, notable celebrities, politicians and athletes such as Frank Sinatra, Ed Sullivan, Mickey Mantle, Jimmy Carter, and Ronald Reagan frequented the Racetrack throughout its history, and the legendary champion thoroughbred racehorse Seabiscuit won at the track in the 1930s when it was a thoroughbred track. Not only is there live horse racing at the Racetrack, but it also offers one of the largest casino gaming floors in the country. The Commercial Property is very close to the Racetrack (only a few minutes by car).

19. Defendant actively promotes the Commercial Property hotel's convenient location close to the Racetrack and the Cross County Shopping Center:

> Stay Just Steps from Some of the Best Shopping in Yonkers, NY
>
> The Hyatt Place New York/Yonkers hotel is located next to the beautiful open air Cross County Center mall, just outside Manhattan in Westchester County. Experience great shopping, dining and entertainment steps from the hotel. Enjoy free Wi-Fi and parking, and complimentary breakfast. **Stay with us and visit the** Bronx Zoo, **Empire City Casino**, Yankee Stadium and Legoland Discovery Center.

https://www.hyatt.com/hyatt-place/en-US/lgazy-hyatt-place-new-york-yonkers (last accessed Oct. 2, 2024) (emphasis added).

20. Likewise, the Racetrack cross-promotes the Commercial Property, highlighting the hotel's convenient location to the Racetrack: "The Hyatt Place New York/Yonkers is a sure bet when visiting the Empire City Casino just one mile away."

4

https://empirecitycasino.mgmresorts.com/en/getting-here/area-hotels.html (last accessed Oct. 2, 2024).

21. When Plaintiff visits the Racetrack, he desires and intends to stay at the Commercial Property hotel because it is so close to the Racetrack. Additionally, because the Commercial Property hotel is essentially part of the vast "Cross County Shopping Center," it is a convenient and optimal hotel for Plaintiff to stay at while visiting the Racetrack because of the large variety of restaurants and shops just steps from the hotel's entrance. Plaintiff visited the Commercial Property in May 2024 when he also visited the Racetrack.

22. Plaintiff intends to return to the Commercial Property by late 2024 and/or early 2025, in conjunction with a trip to the Racetrack and to visit friends. Thereafter, Plaintiff intends to visit the Commercial Property after Defendant makes the Commercial Property readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA.

## COUNT I – ADA VIOLATIONS

23. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

25. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiff encountered during his visits to Defendant's Commercial Property includes, but is not limited to, the following:

A. Parking and Exterior Routes (Hyatt Place)

    i.    There are no accessible routes from site arrival points (parking, passenger loading zones, public sidewalks and transit stops) violating Section 206.2.1 of the 2010 ADA Standards; passenger loading zone violates Section 503 of the 2010 ADAS.

    ii.    Accessible parking spaces and access aisles contain slopes steeper than 1:48, violating Section 502.4 of the 2010 ADA Standards for Accessible Design.

    iii.    Accessible parking spaces and access aisles contain slopes steeper than 1:48, violating Section 502.4 of the 2010 ADA Standards for Accessible Design.

    iv.    Access aisles fail to adjoin accessible routes, violating Section 502.3 of the 2010 ADA Standards for Accessible Design; no accessible route provided.

B.    <u>Tables, Counters & Lines (Hyatt Place)</u>

    i.    Seating and tables violate Section 902 of the 2010 ADA Standards for Accessible Design; work surfaces greater than 34" from floor.

C.    <u>Toilet Rooms (Hyatt Place)</u>

    i.    Reflecting surface of a mirror over a lavatory or countertop is higher than 40 inches above the floor, violating Section 603.3 of the 2010 ADA Standards for Accessible Design.

    ii.    The centerline of the water closet is greater than 18 inches from the side wall or partition, violating Section 604.2 of the 2010 ADA Standards for Accessible Design.

    iii.    Rear grab bar fails to comply with Section 604.5 of the 2010 ADA Standard; protrusion less than 1" below rear.

    iv.    Door lacks pulls on both sides of the door operable with one hand and not requiring tight grasping, pinching or twisting of the wrist, in violation of Section 604.8.1.2 of the 2010 ADAS; door lacks required hard ware.

    v.       Coat hook is greater than 48 inches above the floor, violating Section 603.4 of the 2010 ADA Standards for Accessible Design; storage hook greater than 60" from floor.

    vi.      Lavatory or counter surface is more than 34 inches above the floor, violating Section 606.3 of the 2010 ADA Standards for Accessible Design; sink rim greater than 34" from floor.

    vii.     Soap dispenser fails to comply with Section 308.2 of the 2010 ADA Standards; operable parts greater than 48" from floor.

    viii.    The centerline of the water closet is less greater than 18 inches from the side wall or partition, violating Section 604.2 of the 2010 ADA Standards for Accessible Design.

    ix.      Side grab bar fails to comply with Section 604.5 of the 2010 ADA Standards; side and rear grab bars mounted at different heights.

D.       <u>Hotel Guest Rooms (Hyatt Place)</u>

    i.       Doors for room entry, bathroom, and other doorways fail to comply with Section 404.2 of the 2010 ADA Standards for Accessible Design; guestroom door lacks proper maneuvering clearance to enter.

    ii.      Doors for room entry, bathroom, and other doorways fail to comply with Section 404.2 of the 2010 ADA Standards for Accessible Design; door lacks proper clear width.

    iii.     Storage units are mounted higher than 48 inches, violating Section 308 of the 2010 ADAS.

    iv.     Mirrors are mounted so that their bottom is higher than 40 inches above the floor, violating Section 603.3 of the 2010 ADA Standards for Accessible Design.

 v.  Roll-In shower compartment lacks specifications required by Section 608 of the 2010 ADAS; shower dimensions less than required minimums.

 vi.  Roll-In shower compartment lacks specifications required by Section 608 of the 2010 ADAS; inaccessible design.

 vii.  Roll-In shower compartment lacks specifications required by Section 608 of the 2010 ADAS; protrusion greater than 12" above grab bar.

 viii.  vii. Roll-In shower compartment lacks specifications required by Section 608 of the 2010 ADAS; controls mounted beyond reach.

 ix.  Dining surface lacks required knee clearance violating Sections 306 and 902 of the 2010 ADAS.

Relief Sought and the Basis

26. The discriminatory violations described in this Complaint are not an exclusive list of Defendant's ADA violations. Plaintiff requests an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

27. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and

damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly

situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiff or waived by Resort Worlds.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its business(es), located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

33. Plaintiff prays for judgment as set forth below.

## **COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)**

34. Plaintiff incorporates and realleges paragraphs 1 through 33 as though set forth fully herein.

35. This is an action for violations of the ADA and 28 C.F.R. Section 36.302(e)(1).

36. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with

disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)    Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)   Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)    Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)     Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

37.     Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains Websites for the Commercial Property which contains an online reservations system. These website(s) are located at https://www.hyatt.com/hyatt-place/en-US/lgazy-hyatt-place-new-york-yonkers among others. This term also includes all other websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the Commercial Property hotel ("Websites"). The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods,

services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

38. Prior to the commencement of this lawsuit, Plaintiff visited these websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

39. In each instance the Websites provided insufficient or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

40. In the near future, including as set forth above, Plaintiff intends to revisit Defendant's websites and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

41. Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless he is willing to suffer additional discrimination.

42. The violations present at Defendant's Websites infringe Plaintiff's right to travel free of discrimination and deprive his of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate the websites with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and

segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's websites, and knowing that it would be a futile gesture to return to the websites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a websites with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

43. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its Websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remains in compliance.

44. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these websites. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

45. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

46. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested

herein.

47. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

48. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

49. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject websites to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendant cures its violations of the ADA.

50. Plaintiff prays for judgment as set forth below

## COUNT III
### VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW

51. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 50 above as though fully set forth herein.

52. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation, resort or amusement, because of the . . . disability. . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

53. The Commercial Property is a "place of public accommodation, resort or amusement" within the definition of N.Y. Exec. Law § 292(9).

54. Defendant is subject to the New York Human Rights Law it owns and/or operates the Commercial Property. Defendant is a person within the meaning of N.Y. Exec. Law. § 292(1).

55. Defendant is violating N.Y. Exec. Law § 296(2) in refusing to update or remove access barriers to the Commercial Property, causing the Commercial Property to be inaccessible to Plaintiff. This inaccessibility denies Plaintiff and other disabled patrons the full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

56. Under New York's Human Rights Law, unlawful discriminatory practice includes, among other things, a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

57. Defendant's actions constitute willful intentional discrimination on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296(2) in that Defendant has failed to remove the existing architectural barriers to the physically disabled

15

when such removal is readily achievable for its facilities at the Commercial Property.

58. The modifications necessary to remedy the discrimination would not fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

59. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

60. As such, Defendant discriminates, and will continue in the future to discriminate, against Plaintiff and others similarly situated on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Commercial Property under N.Y. Exec. Law § 296(2) *et seq*. and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and others similarly situated will continue to suffer irreparable harm.

61. The actions of Defendant were and are in violation of the New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination. Plaintiff is entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exec. Law § 297(4)(c) et seq. for each and every offense, and is also entitled to reasonable attorneys' fees and costs, and is also entitled to reasonable attorneys' fees and costs.

62. Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, JUAN CARLOS GIL, respectfully requests:

a. the Court issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e); N.Y. Exec. Law §

296, *et seq.*, and the laws of New York.

  b. injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

  c. injunctive relief against the Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement;

  d. an award of attorneys' fees, costs, and litigation expenses pursuant to State and Federal law; and

  e. such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act and/or State Law.

f.  Compensatory damages in an amount to be determined, including all applicable statutory damages and fines, to Plaintiff for violations of his civil rights under New York State Human Rights Law.

Dated: January 8, 2025                                       Respectfully Submitted,

By: _____
JOSEPH M. HORN, ESQ.
JD# JH0123
Law Office of Joseph M. Horn LLC
580 Sylvan Avenue, Suite 1-G
Englewood Cliffs, NJ 07632
Telephone: (201) 884-6000
Fax: (201) 205-1382